Case 4:19-cv-02736 Document 35 Filed on 03/24/20 in TXSD Page 1 of 17

United States District Court
Southern District of Texas
**ENTERED**
March 24, 2020
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MARILYN J. TAYLOR WALKER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-19-2736 |
| | § | |
| HOUSTON HOUSING AUTHORITY, | § | |
| BEN SKALKA, CARLA VENZOR, | § | |
| and JONATHAN CAMPBELL, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND RECOMMENDATION**

The following dispositive motions are pending before the court:[1] (1) Defendants Houston Housing Authority ("HHA"), Ben Skalka ("Skalka"), Carla Venzor ("Venzor"), and Jonathan Campbell's ("Campbell")(collectively, "HHA Defendants" or "Defendants") Motion to Dismiss (Doc. 8); (2) Plaintiff's Motion to Reverse Judge Lake's Decision on Plaintiff's Default Judgment Motions (Doc. 27); (3) Plaintiff's Motion for Entry of Default Final Judgment (Doc. 30); and (4) Plaintiff's Motion for Default Judgment Against All Defendants (Doc. 33). The court has considered the motions, Defendants' responses to Plaintiff's motions, all other relevant filings, and the applicable law. For the reasons set forth below, the court **RECOMMENDS** that Defendants' motion to dismiss be **GRANTED**, Plaintiff's motion to reverse be **DENIED**, Plaintiff's motion for

---

[1] This case was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72. See Doc. 18, Ord. Dated Oct. 2, 2019.

entry of default be **DENIED**, and Plaintiff's motion for default judgment be **DENIED**.

Also pending are Plaintiff's Motion to Postpone/Set Aside Initial Pretrial and Scheduling Conference (Doc. 20) and Plaintiff's Motion to Strike Defendants' Motion to Dismiss (Doc. 23). The former is **DENIED AS MOOT** because the court granted the relief sought in an order dated October 2, 2019.[2] The latter is **DENIED** because Defendants' motion was properly and timely filed and was served in compliance with the Federal Rules of Civil Procedure.[3]

## I. Case Background

Plaintiff filed this action against Defendant HHA and three of its employees seeking relief from an unfavorable final decision denying Plaintiff the accommodation of a live-in aid. Plaintiff completed and filed two separate complaint forms, one designed for violations of 42 U.S.C. § 1983 ("Section 1983") and one designed for violations of Title VII of the Civil Rights Act of 1964[4] ("Title VII").

---

[2] See id. p. 2.

[3] See Doc. 20, Pl.'s Mot. to Postpone/Set Aside Initial Pretrial & Sched. Conf. p. 3.

[4] See 42 U.S.C. §§ 2000e-2000e-17.

**A.   Plaintiff's Allegations**

On June 26, 2019, Defendant HHA held an informal hearing.[5] Defendant Venzor was the hearing officer.[6]  Plaintiff alleged that false statements were made at that hearing but did not identify what those statements were or by whom they were made.[7]  Plaintiff identified Defendant Skalka as the fraud investigator and Defendant Campbell as an HHA employee in the Accommodation Program.[8] Plaintiff's factual account stated:

> [I] was su[r]prised; after I applied for the Accommodation Program for a live[-]in aid in 2018 & 2019, I was told by [Defendant] Skalka [that] I was not approved for a live-in[ ]aid. [Defendant] Campbell failed as an employee to approve Plaintiff for a live-in[ ]aid after Plaintiff has receipts showing she turned in all documentation in a timely manner to be approved.[9]

In Plaintiff's view, Defendants also took "to[o] much time to not approve" her 2018 and 2019 accommodation applications.[10] Additionally, Plaintiff accused Defendant Campbell of "caus[ing] [her] housing to be terminated when the Housing Authority accepted [her] accommodation application."[11]

---

[5]   See Doc. 1, Pl.'s Section 1983 Compl. p. 4.

[6]   See id. p. 2.

[7]   See id. p. 4.

[8]   See id. p. 3.

[9]   Id. p. 4.

[10]   Id. p. 5.

[11]   Id.

3

**B.  Procedural Background**

On July 23, 2019, Plaintiff filed the two complaints.[12]  In the Section 1983 complaint, Plaintiff did not identify any specific constitutional or statutory rights that she was claiming had been violated.[13]  Instead, Plaintiff explained the basis of her Section 1983 claim in these words:

1.  F. Rule 60(b),

2.  Employees and others acting "under the color of state law" for civil rights violations.[14]

Plaintiff claimed mental distress and the potential loss of her home as injuries.[15]  She sought relief from Defendant HHA's final hearing decision on the accommodation, asking the court to "terminate" the decision pursuant to "Rule 60(b)[.]"[16]  Plaintiff also referred to negligence and fraud but provided no factual details.[17]

In the Title VII complaint, Plaintiff did not mark any of the boxes on the form to identify her protected category but referred

---

[12]   See Doc. 1, Pl.'s Section 1983 Compl.; Pl.'s Title VII Compl.

[13]   See Doc. 1, Pl.'s Section 1983 Compl. p. 3.

[14]   Id.

[15]   See id. p. 5.

[16]   See id.  Plaintiff also requested that she be able to amend her complaint to add a class action negligence claim "in the near future to conform to the evidence." Id. p. 4.  As the complaint contains no factual basis for either a class action suit or a negligence cause of action, the court **DENIES** Plaintiff's request.

[17]   See Doc. 1, Pl.'s Section 1983 Compl. pp. 4-5.

to herself as disabled in the complaint.[18] Plaintiff identified Defendants' failure to approve her accommodation request as the discriminatory action taken by Defendants.[19] Plaintiff reurged the court to terminate Defendant HHA's final decision against Plaintiff pursuant to "F. Rule 60(b) for mistakes, su[r]prises, [and] negligence on the part of official employees."[20] She again referred to the loss of her house.[21]

Summonses did not immediately issue due to procedural deficiencies.[22] On August 9, 2019, the court issued summonses for service by the U.S. Marshals Service.[23] On August 20, 2019, the U.S. Marshals Service served the summonses to all four defendants, making answers due by September 10, 2019.[24]

On September 10, 2019, Defendants collectively filed a motion to dismiss the action.[25] The attached Certificate of Service

---

[18] See Doc. 1, Pl.'s Title VII Compl. p. 4. Plaintiff claimed to have filed charges with the Equal Employment Opportunity Commission ("EEOC") on July 19, 2019, but did not attach a copy. See id. p. 1 & Attachs.

[19] See id. p. 4.

[20] Id. p. 3. Plaintiff mentioned breach of peace in connection with the assertion that Defendants asked frivolous questions. See id.

[21] See id. p. 4.

[22] See Docket Entry Dated July 25, 2019.

[23] See Docket Entry Dated Aug. 9, 2019.

[24] See Doc. 4, Ret. of Form USM-285 Executed as to Def. Venzor; Doc. 5, Ret. of Form USM-285 Executed as to Def. Skalka; Doc. 6, Ret. of Form USM-285 Executed as to Def. HHA; Doc. 7, Ret. of Form USM-285 Executed as to Def. Campbell.

[25] See Doc. 8, Defs.' Mot. to Dismiss

attested to the service of "a true and correct copy of the foregoing document" by certified mail to Plaintiff at the address provided in her complaint.[26] Defendants mailed the motion to dismiss to Plaintiff as attested in the Certificate of Service.[27] On September 13, 2019, the U.S. Postal Service unsuccessfully attempted delivery at the address, recording in the tracking information: "Notice Left (No Authorized Recipient Available)[.]"[28] On September 26, 2019, the unclaimed letter was returned to sender and remained in transit as of October 19, 2019, which was the last entry of the tracking information.[29]

On September 27, 2019, Plaintiff filed seven motions for default judgment, asserting that Defendants had failed to answer the summonses.[30] On the same day that she filed the motions,

---

[26] Id. p. 13; see also Doc. 1, Pl.'s Section 1983 Compl. p. 2 (stating Pl.'s address); Doc. 1, Pl.'s Title VII Compl p. 3 (same).

[27] See Doc. 24-1, Ex. A to Defs.' Resp. to Pl.'s Mot. to Strike & Mot. for Continuance, Letter Dated Oct. 11, 2019, from Jamie Houston to Plaintiff (stating that the motion was mailed via certified mail on September 10, 2019, and providing the tracking number). The court also takes judicial notice of the information about that tracking number found on the U.S. Postal Service's website, which indicated that mail bearing that tracking number and Plaintiff's zip code arrived on September 11, 2019, at a regional facility from its original mailing location. See USPS Tracking for Tracking No. 70123460000287375832, https://tools.usps.com/go/TrackConfirmAction?qtc_tLabels1=70123460000287375832.

[28] Id.

[29] See id.

[30] See Doc. 10, Pl.'s Mot. for Default J. Against Nonparty Tammy Curtis-Jones (incorrectly docketed as against Defendant HHA); Doc. 11, Pl.'s Mot. for Default J. Against Def. Venzor; Doc. 12, Pl.'s Mot. for Default J. Against Def. HHA (incorrectly docketed as against all Defendants); Doc. 13, Pl.'s Mot. for Default J. Against Nonparty Tammy Curtis-Jones (incorrectly docketed as against Defendant HHA filed by Defendant HHA); Doc. 14, Pl.'s Mot. for Default J. Against Nonparty Tammy Curtis-Jones (incorrectly docketed as against Defendant HHA); Doc. 15, Pl.'s Mot. for Default J. Against Def. Campbell; Doc. 16, Pl.'s Mot. for

Plaintiff notified Defendants' counsel by email that she had filed the motions.[31] Minutes later, Defendants' counsel responded by email stating, "Given your recent filing of the motions for default judgment, it seems to me that you may not have received the HHA Defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure [("Rule")] 12(b)(6), which we filed on September 10, 2019."[32] A copy of the motion to dismiss was attached to the email.[33] Defendants' counsel requested Plaintiff's confirmation that the email address was suitable for service of future filings in the case.[34]

On September 30, 2019, Defendants filed a response to all of the motions for default judgment.[35] On October 2, 2019, the court entered an order denying the seven motions for default judgment.[36] In the same order, the court referred the case to the undersigned and canceled the initial pretrial and scheduling conference.[37] On October 7, 2019, Plaintiff filed the pending Motion to Postpone/Set

---

Default J. Against Def. Skalka.

[31] See Doc. 24-2, Ex. B to Defs.' Resp. to Pl.'s Mot. to Strike & Mot. for Continuance, Email Dated Sept. 27, 2019, from Pl. to Jamie Houston.

[32] Doc. 24-3, Ex. C to Defs.' Resp. to Pl.'s Mot. to Strike & Mot. for Continuance, Email Dated Sept. 27, 2019, from Jamie Houston to Pl.

[33] See id.

[34] See id.

[35] See Doc. 17, Defs.' Resp. to Pl.'s Mots. for Default J.

[36] See Doc. 18, Ord. Dated Oct. 2, 2019 p. 1.

[37] See id. pp. 1-2.

Aside Initial Pretrial and Scheduling Conference.[38]

On October 10, 2019, Plaintiff filed the pending Motion to Strike Defendants' Motion to Dismiss.[39] On October 14, 2019, Defendants filed a response addressing both Plaintiff's motion to postpone and her motion to strike.[40] On October 24, Plaintiff filed the pending Motion to Reverse Judge Lake's Decision on Plaintiff's Default Judgment Motions.[41] On November 12, 2019, Defendants filed a response to that motion.[42]

On November 13, 2019, Plaintiff filed the pending Motion for Entry of Default Final J.[43] On February 14, 2020, Plaintiff filed the pending Motion for Default Judgment Against All Defendants.[44] On March 2, 2020, Defendants filed a response to the motions for entry of default and default judgment.[45]

The court addresses all of the pending dispositive motions in the discussion that follows.

---

[38] See Doc. 20, Pl.'s Mot. to Postpone/Set Aside Initial Pretrial & Sched. Conf.

[39] See Doc. 23, Pl.'s Mot. to Strike Defs.' Mot. to Dismiss.

[40] See Doc. 24, Defs.' Resp. to Pl.'s Mot. to Strike & Mot. for Continuance.

[41] See Doc. 27, Pl.'s Mot. to Reverse J. Lake's Decision on Pl.'s Default J. Mots.

[42] See Doc. 29, Defs.' Resp. to Pl.'s Mot. to Reverse J. Lake's Decision on Pl.'s Default Mots.

[43] See Doc. 30, Pl.'s Mot. for Entry of Default Final J.

[44] See Doc. 33, Pl.'s Mot. for Default J. Against All Defs.

[45] See Doc. 34, Defs.' Resp. to Mot. for Entry of Default & Mot. for Default J.

**II. Service, Entry of Default, and Default Judgment**

Plaintiff's three dispositive motions relate to her pursuit of the entry of default and default judgment against Defendants. The first filed of these is Plaintiff's motion to reverse the court's October 2, 2019 ruling that denied Plaintiff's seven motions for default judgment. In that motion, Plaintiff argues that Defendants failed to answer the summonses. The second is Plaintiff's motion for entry of default against all Defendants. In that motion, Plaintiff argues that Defendants timely filed neither an answer nor their motion to dismiss. The third is Plaintiff's motion for default judgment in the amount of $1,000,000. In that motion, Plaintiff argues that "Plaintiff never receive[d] any mail from Defendants []or Defendants['] attorneys since February 12, 2020, to be served in Plaintiff['] hands."[46] Plaintiff suffers legal misapprehensions about service and default.

Regarding service, different rules apply to the service of a complaint initiating a lawsuit than to other pleadings and motions. Compare Fed. R. Civ. P. 4 with Fed. R. Civ. P. 5. A plaintiff is responsible for timely service to each defendant of the complaint and a properly completed summons. See Fed. R. Civ. P. 4(a)-(c). When in compliance with the applicable means of service allowed by Rule 4, service may be effectuated by any adult who is not a party to the case or, at a plaintiff's request, by the U.S. Marshals

---

[46] Doc. 33, Pl.'s Mot. for Default J. Against All Defs.

9

Service or other person specially appointed by the court. See Fed. R. Civ. P. 4(c), (e)-(j).

In the absence of a waiver of service, a defendant must serve an answer within twenty-one days after receiving the summons and complaint. See Fed. R. Civ. P. 12(a)(1)(A)(i). However, the filing of a motion to dismiss for failure to state a claim, which must be filed before any responsive pleading, postpones the deadline for filing an answer until fourteen days after notice of the court's ruling if that ruling is a denial of the motion. See Fed. R. Civ. P. 12(a)(4)(A), (b)(6). If, on the other hand, the motion is granted and the case is dismissed, no answer is required.

In this case, the court issued the summonses on August 9, 2019, but the U.S. Marshals Service did not effectuate service on Defendants until August 20, 2019. Accordingly, as noted on the docket sheet, Defendants' answer was due on September 10, 2019. On that date, in lieu of an answer, Defendants filed a motion to dismiss for failure to state a claim, thereby timely responding to Plaintiff's complaint. Only if the court were to deny all or part of Defendants' motion would they be required to file an answer.

Rule 5(a)(1)(D) requires that every written motion be served on every party. See also S. Dist. of Tex. L.R. 5.5. Rule 5(b)(2)(C) explains that service may be accomplished by mailing the motion to the party's last known address and further states that service is complete upon mailing. Upon filing with the court, a

10

motion must be accompanied by a Certificate of Service stating how and when service was made. S. Dist. of Tex. L.R. 5.3.; see also Fed. R. Civ. P. 5(d)(1)(B)(i).

In this case, Defendants served their motion to dismiss by mailing it on the same day that it was filed. Service was completed at the time of mailing. To be clear, a motion need not reach Plaintiff's hands to complete the process of service. Moreover, Plaintiff could not invalidate the already complete service by refusing to accept the mailing or by failing to retrieve it from the post office. Defendants' motion included a Certificate of Service attesting to proper and completed service. Defendants fully complied with the federal and local rules in connection with the filing of their motion to dismiss.

Rule 55(a) allows for the entry of default "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend[.]" "Default judgment generally means a judgment entered by the [c]ourt as a penalty against a party for failure to appear or otherwise to perform a procedurally required act." Fodge v. Trustmark Nat'l Bank, 945 F.3d 880, 882 n.1 (5th Cir. 2019)(internal quotation marks omitted)(quoting Anchorage Assocs. v. V.I. Bd. of Tax Review, 922 F.2d 168, 174 n.3 (3$^{d}$ Cir. 1990), and citing Fed. R. Civ. P. 55(a)). A default judgment is considered a "drastic remedy" to which the court should resort "only in [an] extreme situation[]". Lewis v. Lynn, 236 F.3d 766,

767 (5th Cir. 2001)(quoting <u>Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n</u>, 874 F.2d 274, 276 (5th Cir. 1989)).

The basis for Plaintiff's argument is that Defendants did not properly or timely serve an answer or a motion to dismiss on Plaintiff. Plaintiff is incorrect. Defendants were not required to file an answer because they filed a motion to dismiss. Furthermore, Defendants complied with the federal rules in the filing and serving of their motion to dismiss. Thus, they did not fail to plead or otherwise defend this action; or, in other words, they did not default. Neither the entry of default nor default judgment is warranted.

For these reasons, Plaintiff's motions to reverse the court's prior ruling, for entry of default, and for default judgment should be denied.

### III.  Defendants' Motion to Dismiss

Defendants move for dismissal of Plaintiff's Section 1983 and Title VII claims. Plaintiff did not file a response to Defendants' motion.[47]

#### A. <u>Dismissal Standard</u>

Rule 12(b)(6) allows dismissal of an action whenever the

---

[47]  The Local Rules state that failure to respond to a motion will be taken as a representation of no opposition. L.R. 7.4. Generally, the non-moving party has twenty-one days to file a response before the lack of response is considered a lack of opposition. <u>See</u> L.R. 7.3. However, because the court finds it improper to dismiss this pro se action merely because of the absence of a response, this court carefully considers the merits of the pending unanswered dispositive motion.

complaint, on its face, fails to state a claim upon which relief can be granted. The court should construe the allegations in the complaint favorably to the pleader and accept as true all well-pleaded facts. Harold H. Huggins Realty, Inc. v. FNC, Inc., 634 F.3d 787, 803 n.44 (5th Cir. 2011)(quoting True v. Robles, 571 F.3d 412, 417 (5th Cir. 2009)).

A complaint need not contain "detailed factual allegations" but must include sufficient facts to indicate the plausibility of the claims asserted, raising the "right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007); see also Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Plausibility means that the factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. 678. A plaintiff must provide "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Twombly, 550 U.S. at 555. In other words, the factual allegations must allow for an inference of "more than a sheer possibility that a defendant has acted unlawfully." Iqbal, 556 U.S. 678.

**C. Section 1983**

In order to prevail on a claim under Section 1983,[48] a

---

[48] The provision reads, in relevant part:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . , subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights,

13

plaintiff must establish that the defendant deprived the plaintiff of her federal constitutional or statutory rights while acting under the color of state law. Moody v. Farrell, 868 F.3d 348, 351 (5th Cir. 2017). The statute creates no substantive rights but only provides remedies for deprivations of rights created under federal law. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

Defendants argue that Plaintiff's Section 1983 claim should be dismissed for several reasons. The court finds determinative Plaintiff's failure to identify any federal constitutional or statutory right that was violated by any Defendant. Reading Plaintiff's pro se complaint as broadly as possible, the court notes Plaintiff asserted that false statements were made at the hearing. However, she failed to allege sufficient facts indicating the plausibility of any claim for violation of her constitutional right to due process. Plaintiff's conclusory assertion does not even reach the speculative level of a right to relief, much less surpass it.

Plaintiff points to Rule 60(b) multiple times, even identifying it as the federal right underlying her Section 1983 claim. For several reasons, Plaintiff cannot rely on Rule 60(b) as the basis for a Section 1983 claim.

---

privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983.

Rule 60(b) is a procedural rule allowing federal district courts to grant relief from final judgment in a federal civil action for certain reasons that include mistake, surprise, and fraud. Plaintiff's mentioning of these words in her complaint, along with her request that the court grant her relief from Defendant HHA's hearing decision, suggests confusion about Rule 60(b) and about Section 1983. Rule 60(b) does not provide citizens any protected federal right. It is merely a procedural rule applicable to final judgments in federal civil cases. Defendant HHA's hearing decision is beyond the reach of Rule 60(b) because the hearing decision is an administrative determination, not a federal court final judgment. Additionally, Section 1983 allows relief when state officials harm an individual through the violation of federal law. Rule 60(b) directs the action of federal district courts, not Defendants. It would be impossible for Defendants to run afoul of Rule 60(b). For these reasons, Rule 60(b) cannot be the underlying federal law violated by Defendants.

For these reasons, Plaintiff's Section 1983 claim should be dismissed.

**C. Title VII**

An employer is prohibited from engaging in discrimination on the basis of any protected category. See 42 U.S.C. § 2000e-2(a). With very few exceptions not applicable here, only employers can be held liable under Title VII. See Turner v. Baylor Richardson Med.

15

Ctr., 476 F.3d 337, 343-44 (5th Cir. 2007).

Defendants argue that Plaintiff did not and cannot plead an employee-employer relationship with Defendant HHA or any of the individual defendants. The court agrees that the complaint lacked the allegation that any Defendant was her employer. The facts alleged do not support any such inference. Absent an employment relationship, Plaintiff cannot pursue a Title VII claim against Defendants. See Turner, 476 F.3d at 343; Muhammad v. Dallas Cty. Cmty. Supervision & Corrs. Dep't, 479 F.3d 377, 380 (5th Cir. 2007)(stating that a court must determine whether the defendant meets the statutory definition of "employer").

For this reason, Plaintiff's Title VII claim should be dismissed.

## IV.  Conclusion

Based on the foregoing, the court **RECOMMENDS** that Defendants' motion to dismiss be **GRANTED**, Plaintiff's Motion to Reverse Judge Lake's Decision on Plaintiff's Default Judgment Motion be **DENIED**, Plaintiff's Motion for Entry of Default Final Judgment be **DENIED**, and Plaintiff's Motion for Default Judgment Against All Defendants be **DENIED**. Plaintiff's Motion to Postpone/Set Aside Initial Pretrial and Scheduling Conference is **DENIED AS MOOT** and Plaintiff's Motion to Strike Defendants' Motion to Dismiss is **DENIED**.

The Clerk shall send copies of this Memorandum and

Recommendation to the respective parties who have fourteen days from the receipt thereof to file written objections thereto pursuant to Rule 72(b) and General Order 2002-13.  Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

The original of any written objections shall be filed with the United States District Clerk electronically.  Copies of such objections shall be mailed to opposing parties and to the chambers of the undersigned, 515 Rusk, Suite 7019, Houston, Texas 77002.

**SIGNED** in Houston, Texas, this 24th day of March, 2020.

Nancy K. Johnson
United States Magistrate Judge